UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TIFFANY T.,[1]
    *Plaintiff*,

v.

COMMISSIONER OF SOCIAL
SECURITY,[2]
    *Defendant*.

No. 3:22-cv-00626 (VAB)

**RULING AND ORDER ON MOTION TO REVERSE THE DECISION OF THE COMMISSIONER AND MOTION TO AFFIRM THE DECISION OF THE COMMISSIONER**

Tiffany T. ("Plaintiff") has filed this administrative appeal under 42 U.S.C. § 405(g) against Kilolo Kijakazi, the Acting Commissioner of Social Security ("Defendant" or "the Commissioner"), seeking to reverse the decision of the Social Security Administration denying her claims under Title II of the Social Security Act. Compl. ¶ 1, ECF No. 1 (May 5, 2022).

Plaintiff has moved for an order reversing the Commissioner's decision, or in the alternative, remanding for a new hearing, while the Commissioner has moved for an order affirming the decision. *See* Pl. Mot. to Reverse the Decision of the Comm'r, ECF No. 12 (Aug.

---

[1] In light of the privacy concerns outlined in the District of Connecticut's Electronic Filing Policies and Procedures, for purposes of this Ruling and Order, the Plaintiff will be identified only by her first name and last initial. *See* United States District Court for the District of Connecticut, Electronic Filing Policies and Procedures 7–8 (Jan. 9, 2023).

[2] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Under Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley should be substituted for Kilolo Kijakazi as the defendant in this suit. No further action need be taken. 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

16, 2022) ("Pl. Mot."); Def. Mot. for an Order Aff'ing the Decision of the Comm'r, ECF No. 18 (Nov. 11, 2022) ("Def. Mot.").

On September 1, 2023, U.S. Magistrate Judge Thomas O. Farrish issued a ruling recommending that the Court affirm the decision of the Administrative Law Judge ("ALJ") in Plaintiff's case. Recommended Ruling, ECF No. 24 (Sep. 1, 2023). On September 13, 2023, Plaintiff formally objected to the Recommended Ruling. *See* Pl. Obj. to Recommended Ruling, ECF No. 25 ("Pl Obj."). The underlying facts of this case are fully set forth in the Recommended Ruling.

Rule 72(b)(3) of the Federal Rules of Civil Procedure and Local Rule 72.2(b) of the Local Rules of Civil Procedure of the United States District Court for the District of Connecticut require the Court to review *de novo* any sections of the Recommended Ruling to which any party properly objects. Plaintiff has objected to the Recommended Ruling.

The Court has carefully reviewed the Recommended Ruling, Plaintiff's Objections, the ALJ's Decision, and the evidence in the administrative record pertinent to the specific objections Plaintiff raised.

For the reasons outlined below, the Recommended Ruling is **ADOPTED** in its entirety, and for the well-stated reasons provided in the Recommended Ruling, Plaintiff's Motion to Reverse the Decision of the Commissioner [ECF No. 12] is **DENIED** and Defendant's Motion to Affirm the Commissioner's Decision [ECF No. 18] is **GRANTED**. The decision of the Commissioner is **AFFIRMED**.

I.  **Factual and Procedural Background**

The Court assumes familiarity with the facts and procedural history of the case. *See* Recommended Ruling.

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court reviewing a disability determination "must determine whether the Commissioner's conclusions 'are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard.'" *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quoting *Beauvoir v. Chater*, 104 F.3d 1432, 1433 (2d Cir. 1997)); *see also Moreau v. Berryhill*, No. 3:17-CV-00396 (JCH), 2018 WL 1316197, at *3 (D. Conn. Mar. 14, 2018) ("[T]he court may only set aside the ALJ's determination as to social security disability if the decision 'is based upon legal error or is not supported by substantial evidence.'") (quoting *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998)).

"Substantial evidence is 'more than a mere scintilla.'" *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447 (2d Cir. 2012) (per curiam) (quoting *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran*, 569 F.3d at 112 (quoting *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008)). It is a "very deferential standard of review—even more so than the 'clearly erroneous' standard." *Brault*, 683 F.3d at 448 (citing *Dickinson v. Zurko*, 527 U.S. 150, 153 (1999)).

## III. DISCUSSION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

To determine whether a claimant is disabled under the Social Security Act, an ALJ must perform a five-step evaluation. As the agency explains:

3

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled . . . ;
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled . . . ;
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled . . . ;
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled . . . ;
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled . . . .

20 C.F.R. § 404.1520(a)(4).

Plaintiff raises five arguments—which largely mirror arguments raised in her motion to reverse the Commissioner's decision—in her objection to the recommended ruling.

First, she argues that the Administrative Law Judge ("ALJ") committed a reversible error when he failed to advise her of her right to be represented by an attorney at the hearing. Pl. Obj. at 1–3; Pl. Mot. at 5–9.  Second, she argues that the hearing transcript was insufficiently clear to permit judicial review. Pl. Obj. at 4–5; Pl. Mot. at 22–24. Third, she argues that the ALJ erred in his analysis of the medical opinion evidence. Pl. Obj. at 5–8; Pl. Mot. at 12–13. Fourth, she argues that the ALJ erred when he failed to resolve a conflict between the vocational expert testimony and the DOT/Selected Characteristics of Occupations. Pl. Obj. at 10–12; Pl. Mot. at 10–12. Fifth, she argues that the ALJ committed a legal error in his application of the new

regulations to his evaluation of the Medical Opinions' persuasiveness. Pl. Obj. at 12–19; Pl. Mot. at 12–19.

Each of these objections largely repeats arguments made before Magistrate Judge Farrish. *See Johnston v. Colvin*, No. 3:13-CV-00073 (JCH), 2014 WL 1304715, at *1 (D. Conn. Mar. 31, 2014) ("Where the objecting party simply reiterates her original argument, the court reviews the Magistrate Judge's recommended ruling only for clear error.") (citing *Pall Corp. v. Entegria, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) and *Burgos v. Astrue*, No. 3:09-CV-1216 (VLB), 2010 WL 3829108, at *1 (D. Conn. Sept. 22, 2010)).

Nevertheless, the Court will address each of these arguments in turn.

### A. Alleged Failure to Advise Plaintiff of Her Rights

"Determining whether a claimant was prejudiced is bound up in the inquiry of whether the ALJ properly conducted the hearing and adequately developed the record in the manner the Second Circuit requires in a *pro se* case." *Acevedo v. Colvin*, No. 3:15-CV-0054(WIG), 2016 WL 1618260, at *1 (D. Conn. Feb. 29, 2016), *report and recommendation adopted*, No. 3:15-CV-0054(VAB), 2016 WL 1588488 (D. Conn. Apr. 20, 2016) (internal citation and quotation marks omitted). "[I]f the ALJ fully developed the record and based his final determination on substantial evidence, any deficiency in plaintiff's waiver would be immaterial for purposes of remand." *Valoy v. Barnhart*, No. 02 Civ. 8955 (HB), 2004 WL 439424, at *6 (S.D.N.Y. Mar. 9, 2004); *see also Salomon v. Apfel*, 99 Civ. 4250 (SAS), 2000 WL 776924, at *6 (S.D.N.Y. Jun. 15, 2000) ("Even if the waiver is not deemed knowingly and voluntarily made, the reviewing court need not remand the case as long as the ALJ fully developed the record and based his decision on substantial evidence.").

5

Plaintiff originally argued that the ALJ only advised her of a right to a representative, not specifically an attorney. Pl. Mot. at 5–9. She argued that this was prejudicial and the case thus should be remanded. *Id.* In her opposition to Judge Farrish's recommended ruling, Plaintiff argues that the ALJ's failure to inform her she had a right to an attorney was harmful error. Pl. Obj. at 1. She points out that Judge Farrish agreed that the ALJ failed to inform her that she had a right to an attorney at the hearing and argues that he erred in finding this failure harmless. *Id.* at 2. She argues that Judge Farrish "did not address [Plaintiff]'s reduced ability to comprehend and apply the information" informing her of her right to an attorney that was in the written Social Security correspondence. *Id.* at 3.

The Court disagrees.

While the ALJ erred in failing to specifically advise the Plaintiff that she had a right to be represented by an attorney at the hearing, the error was not prejudicial and thus remand is not proper. *See* Recommended Ruling at 9–10 ("When an ALJ fails to apprise a claimant of her right to counsel, remand is only required 'if the lack of counsel resulted in prejudice to the claimant or unfairness in the proceeding.'") (citing *Hynes v. Astrue*, No. 12-cv-719 (JFB), 2013 WL 3244825, at *13 (E.D.N.Y. June 26, 2013) and *Alford v. Saul*, 417 F. Supp. 3d 125, 140 (D. Conn. 2019)). More specifically, there was no failure in the development of this record. Instead, as Judge Farrish noted, "it is not clear that any records are actually missing, and the Plaintiff has not shown that they would be significant," Recommended Ruling at 11, and thus there could be no prejudice sufficient to support a remand on this basis. *Id.*

Accordingly, this alleged basis does not provide a sufficient basis for not adopting Judge Farrish's ruling and recommendations.

### B. Hearing Transcript

A claimant has the burden to prove "that the missing portion of the transcript would bolster [her] arguments[.]" *Mireles ex rel. S.M.M. v. Comm'r of Soc. Sec.*, No. 1:13-CV-699, 2014 WL 4854426, at *6 (W.D. Mich. Sept. 29, 2014) (quoting *Williams v. Barnhart*, 289 F.3d 556, 557–58 (8th Cir. 2002)); *see also Shannon Jo H. v. Comm'r of Soc. Sec.*, No. 5:21-CV-878 (CFH), 2023 WL 246841, at *14 (N.D.N.Y. Jan. 18, 2023) ("conjecture" about the possible incompleteness of a transcript is not grounds for remand).

Plaintiff argues that the ALJ's decision should be reversed because the hearing transcript contains too many instances of "[INAUDIBLE]" to permit effective judicial review, stating: "The hearing transcript contains eleven instances of inaudibility," and "[m]any of these periods of inaudibility occur during key moments of the testimony." Pl. Obj. at 4; Pl. Mot. at 22–24.

The Court disagrees.

Despite the instances of "[INAUDIBLE]" in the hearing transcript, the Plaintiff "has not shown that missing portions would support her argument or frustrate judicial review." Recommended Ruling at 13 (citing, *inter alia*, *Shannon Jo. H. v. Comm'r of Soc. Sec.*, No. 5:21-CV-878 (CFH), 2023 WL 246841, at * 14 (N.D.N.Y. Jan. 18, 2023), for the proposition that "conjecture" about missing pages in a transcript is not grounds for remand).

Accordingly, this alleged basis does not provide a sufficient basis for not adopting Judge Farrish's ruling and recommendations.

### C. Medical Opinions Evidence

For applications filed after March 27, 2017, the agency need "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources."

7

20 C.F.R. § 404.1520c(a). Instead, the ALJ must evaluate medical opinions based on five factors: (1) supportability; (2) consistency; (3) relationship with the claimant, which focuses on the length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and the examining relationship; (4) the specialization of the source; and (5) "other factors that tend to support or contradict a medical opinion." 20 C.F.R. § 404.1520c(c).

As to the medical evidence, the Plaintiff argues that the ALJ erred as a matter of law in his assessment of medical opinions, including finding the consultative examiner, Dr. Kogan's, opinion persuasive. Pl. Obj. at 5–8; Pl. Mem. at 12–19.

The Court disagrees.

Given the new regulations and their applicability to this particular application—one filed after March 27, 2017—the ALJ had to assess any medical opinion consistent with the five factors noted above. Under that standard, the ALJ's assessment of the medical opinions in this record cannot be said to be legal error. *See* Recommended Ruling at 17 ("Plaintiff has not even attempted to explain how Dr. Kogan's report is inadequate, incomplete, or fails to provide an adequate basis for the decision.").

Accordingly, this alleged basis does not provide a sufficient basis for not adopting Judge Farrish's ruling and recommendations.

### D. Vocational Expert's Testimony

"[A] vocational expert is not required to identify with specificity the figures or sources supporting his conclusion, at least where he identified the sources generally." *McIntyre v. Colvin*, 758 F.3d 146, 152 (2d Cir. 2014); *see Biestek v. Berryhill*, 139 S.Ct. 1148, 1155 (2019) ("[A]

vocational expert's testimony may count as substantial evidence even when unaccompanied by supporting data.").

Plaintiff argues that the ALJ erred when he failed to resolve a conflict between the vocational expert testimony and the DOT/Selected Characteristics of Occupations. Pl. Obj. at 10–12; Pl. Mot. at 10–12. She claims that the ALJ erred as a matter of law when he relied upon the numbers that the vocational expert provided without inquiring into his methodology or sources. *Id.*

The Court disagrees.

Consistent with the Second Circuit's ruling in *McIntyre*, but even more importantly, the Supreme Court's subsequent ruling in *Biestek*, courts in this District have held that this is not an error. *See Crespo v. Comm'r of Soc. Sec.*, No. 3:18-CV-00435 (JAM), 2019 WL 4686763, at *9 (D. Conn. Sept. 25, 2019) ("[T]he substantial evidence standard does not foreclose an ALJ from relying on the expertise of a vocational expert and to do so without requiring the expert to lay a further foundation about the sources that the expert has consulted in order to arrive at the expert's job-number information."); *see also Stonick v. Saul*, No. 3:19-CV-01334 (TOF), 2020 WL 6129339, at *18 (D. Conn. Oct. 19, 2020) ("Other courts in this district have held . . . that a VE does not need to provide her sources for job incidence data."); *Keovilay v. Berryhill*, No. 3:19-CV-0735 (RAR), 2020 WL 3989567, at *9 (D. Conn. July 15, 2020) ("As in *Crespo*, [the VE's] failure to provide a source for the number of jobs in the economy does not 'dispel the existence of substantial evidence.'"); *Stacey M. F. v. Kijakazi*, No. 3:20-CV-01910 (VAB), 2022 WL 970092, at *21 (D. Conn. Mar. 31, 2022) ("[A] vocational expert's failure to identify their sources does not preclude the existence of substantial evidence for an ALJ's conclusion.");

*Angelica M. v. Saul*, No. 3:20-CV-00727 (JCH), 2021 WL 2947679, at *9 (D. Conn. July 14, 2021) ("This court finds the analysis and holding in *Crespo* persuasive.").

Accordingly, this alleged basis does not provide a sufficient basis for not adopting Judge Farrish's ruling and recommendations.

### E. Persuasiveness of Medical Opinions

"[T]he regulations require the ALJ to give 'good reasons'—i.e., reasons supported by substantial evidence in the record—for the weight she affords the treating source's medical opinion." *Schillo v. Kijakazi*, 31 F.4th 64, 75 (2d Cir. 2022); *see also McIntyre*, 758 F.3d at 149 ("If the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.").

Plaintiff argues that the ALJ committed a legal error in his application of the new regulations to his evaluation of the Medical Opinions' persuasiveness. Pl. Obj. at 12–19; Pl. Mot. at 12–19. Specifically, Plaintiff argues that the ALJ erred in his review of and the weight he gave to the state agency consultants, the treating physician's opinion, and Plaintiff's GAF (Global Assessment Functioning) scores. Pl. Obj. at 13–19.

As to the state agency consultants' opinion, Plaintiff argues that the ALJ erred when he found both the initial and reconsideration opinions equally persuasive without reconciling any conflicting conclusion. Pl. Obj. at 15. She argues that the ALJ's failure to resolve these conflicting and inconsistent opinions was harmful error. *Id.* As to the treating physician, Dr. Buonocore's opinion, Plaintiff argues that the ALJ should not have found his opinion was not persuasive. *Id.* at 16. She also argues that the ALJ failed to identify him as a specialist. *Id.* at 17. As to the GAF scores, Plaintiff argues that the ALJ erred when he failed to evaluate her GAF numbers. *Id.* at 18–19.

The Court disagrees.

The ALJ is not required to agree with Plaintiff's view of how the opinions should be treated, as long as the ALJ gave "good reasons" for why the ALJ did what he did. *See Schillo*, 31 F.4th at 75 (defining "good reasons" as substantial evidence in the record). Indeed, as Judge Farrish's recommended ruling points out, the ALJ addressed the consistency of Dr. Buonocore's opinion by reviewing the opinion alongside other medical evidence that showed "full range of motion, no bony tenderness, no swelling, no effusion, no crepitus, no deformity, and no laceration." Recommended Ruling at 22..

As to the state agency consultants, Judge Farrish properly noted that there was no actual conflict. Instead, "the manipulative limitations proposed by each consultant are similar." *Id.* at 19.

Finally, as to the GAF scores, "a GAF score does not itself necessarily reveal a particular type of limitation and is not an assessment of a claimant's ability to work." *Camille v. Colvin*, 104 F. Supp. 3d 329, 342 (W.D.N.Y. 2015), *aff'd*, 652 Fed. App'x 25 (2d Cir. 2016); *see also Mainella v. Colvin*, No. 13-CV-2453, 2014 WL 183957, at *5 (E.D.N.Y. Jan. 14, 2014). And courts have held that "an ALJ's failure to consider every GAF score is not a reversible error." *Schneider v. Colvin*, No. 3:13-CV-00790 (MPS), 2014 WL 4269083, at *4 (D. Conn. Aug. 29, 2014). Indeed, "the Social Security Administration has concluded, [u]nless the GAF rating is well supported and consistent with other evidence in the file, it is entitled to little weight under [the] rules." *Warrick v. Saul*, No. 3:19-CV-00674 (SALM), 2020 WL 2537459, at *5 (D. Conn. May 19, 2020). "Unless [a] clinician clearly explains the reasons behind his or her GAF rating, and the period to which the rating applies, it does not provide a reliable longitudinal picture of

11

the claimant's mental functioning for a disability analysis." *Estrella v. Berryhill*, 925 F.3d 90, 97 (2d Cir. 2019). As a result, the ALJ did not err in this regard.

Accordingly, this alleged basis does not provide a sufficient basis for not adopting Judge Farrish's ruling and recommendations.

## IV.    CONCLUSION

For the foregoing reasons, Magistrate Judge Farrish's Recommended Ruling is hereby **ACCEPTED**, over objection. Plaintiff's Motion to Reverse the Decision of the Commissioner is **DENIED**, and Defendant's Motion to Affirm the Commissioner's Decision is **GRANTED**.

The Clerk of Court is respectfully directed to close the case.

**SO ORDERED** at New Haven, Connecticut, this 22nd day of March, 2024.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge